**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
HARRIET WILLING,

                         Plaintiff,

            -against-

SUFFOLK COUNTY DEPARTMENT OF
SOCIAL SERVICES, COMMISSIONER JANET
DEMARZO, SUFFOLK COUNTY EXECUTIVE
STEVE LEVY, NEW YORK STATE OFFICE OF
CHILDREN AND FAMILY SERVICES, and
COMMISSIONER GLADYS CARRION,

                         Defendants.

-------------------------------------------------------------X

**MEMORANDUM OF**
**<u>DECISION AND ORDER</u>**
09-CV-5285 (ADS)(ETB)

**<u>APPEARANCES:</u>**

**Reynold A. Mauro, Esq.**
Attorney for the Plaintiff
353 Veterans Memorial Highway
Commack, N.Y. 11725

**Office of the Suffolk County Attorney**
Attorneys for the Defendants
1 West Street
Mineola, N.Y. 11501
            By: Arlene S. Zwilling, Assistant County Attorney

**SPATT, District Judge**.

            Harriet Willing ("Willing") was terminated in November of 2006 from her

position as the Director of Small Wonders, a private, non–profit children's daycare

center.  Willing now brings this civil rights action against the Suffolk County

Department of Social Services ("Social Services"), Social Services Commissioner Janet DeMarzo, Suffolk County Executive Steve Levy, the New York State Office of Children and Family Services, and its Commissioner Gladys Carrion (collectively "the Defendants"), alleging that the Defendants violated her due process rights by directing Small Wonders to terminate her employment. Willing also alleges that the Defendants defamed her.

Presently before the Court is the Defendants' Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion to dismiss the complaint. In particular, the Defendants contend that Willing's defamation claim and her cause of action under 42 U.S.C. § 1993 ("Section 1983") are time-barred. The Court finds that Willing's defamation cause of action was not commenced within the applicable limitation periods and must be dismissed. However, before addressing the Defendants' challenge to Willing's Section 1983 claim, the Court will convert their Rule 12(b)(6) motion to one for summary judgment. In doing so, the Court must afford the parties a further opportunity to address material outside the pleadings that the Defendants introduced in their reply papers.

## I. BACKGROUND

The limited factual background of this case is drawn from Willing's complaint. In September of 2006, while working as the Director at Small Wonders, Willing was told that a teacher there had abused or mistreated children. Willing

notified Social Services of this allegation via a "hotline" established for reporting child abuse. After her telephone call, investigators were dispatched by Social Services and the Child Protective Service of New York to investigate the allegations. Although Willing had no firsthand knowledge of the alleged abuse, she claims to have fully cooperated with the investigation.

The Plaintiff alleges that she was terminated by Small Wonder in November of 2006, not long after the investigation was initiated. According to Willing, Small Wonders advised her that she was being terminated at the Defendants' insistence. Willing alleges that she did not receive any formal communication from the Defendants until March 9, 2007, when she was notified in writing by a caseworker from Social Services that an investigation revealed "credible evidence . . . to support the determination that [she] abused or maltreated children . . ." Pl. Com. at 19. Willing challenged this determination and, after an administrative review, the New York State Office of Children and Family Services concluded that she had not engaged in any improper or unlawful conduct.

Although not a model of detail or clarity, the gravaman of Willing's complaint appears to be that the Defendants violated her due process rights by directing Small Wonders to terminate her employment. Without specifying the nature of the offending statements, she also alleges that the Defendants defamed her.

# II. DISCUSSION

## A. Standard of Review - Fed. R. Civ. P. 12(b)(6)

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted).

Where matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)

(quoting <u>Fonte v. Bd. of Managers of Continental Towers Condo.</u>, 848 F.2d 24, 25 (2d Cir. 1988).

**B.  Willing's Defamation Claim**

Without actually specifying the offending statements, Willing alleges that the Defendants defamed her, making it difficult for her to obtain a new job in the education field.  The Defendants contend that this claim is time-barred.  The Court agrees.

N.Y. Gen. Mun. L. § 50-i "provides that a plaintiff must commence any action against a county for 'personal injury' within one year and ninety days from the claim's accrual." <u>Canessa v. County of Suffolk</u>, No. 09-CV-3256, 2010 WL 1438822, at *1 (E.D.N.Y. Apr. 10, 2010) (Spatt, J.).  N.Y. CPLR 215(3) imposes a stricter one-year statute of limitations for defamation claims asserted against individuals.  Here, under either limitation period, even if the Court accepts that Willing's defamation claim did not accrue until she was contacted by Social Services on March 9, 2007, it is clear that this cause of action is time-barred because she did not file the complaint until December 2, 2009.  Accordingly, the Court finds that Willing's defamation claim must be dismissed.

**C.  Willing's Section 1983 Claim**

Willing alleges that the Defendants violated her right to due process when they directed Small Wonders to terminate her employment.  The Defendants contend that

this cause of action must be dismissed because it is barred by the applicable statute of limitations.

The statute of limitations for a Section 1983 action arising in New York is three years. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).

Here, Willing alleges that, at some point in November of 2006, the Defendants instructed Small Wonders to terminate her. The Defendants contend that Willing's claim accrued at that point and that her claim is time-barred because she did not file the complaint in this matter until December 2, 2009. Willing counters that her claim did not actually accrue until March 9, 2007, when she first learned that she was the subject of a pending investigation by Social Services. However, this argument appears to be belied by testimony Willing gave during a N.Y. Gen. Mun. L. § 50-i hearing.

"The purpose of General Municipal Law § 50-h is to enable a municipality to make a prompt investigation of the circumstances of a claim by examining the claimant about the facts of the claim." Nasca v. Town of Brookhaven, 10 A.D.3d 415, 416, 781 N.Y.S.2d 137 (2d Dep't 2004) (citation omitted). To that end, Section 50-h allows a municipality to examine a claimant through oral questioning. Here, counsel

for the Defendants attached an excerpted transcript from Willing's Section 50-h hearing to the reply affidavit in support of the Defendants' motion. The transcript reflects that Willing was questioned about the nature of her termination from Small Wonders during the hearing:

Q. For what reason did you leave [Small Wonders]?

A. I was ordered to leave by the New York State Office of Children and Family Services and Suffolk County.

Q. When you say you were ordered to leave what was that a written order, or was it communicated to you in some other form?

A. Over the telephone.

Q. By whom?

A. His name was Mr. Sapir. He was the attorney for Small Wonders, and he had just gotten off the phone with the attorney representing Suffolk County, or New York State Office of Children [and] Family Services. I don't know. He didn't tell me.

* * * * * * * * * * * * * * * * * *

Q. Did anyone ever clarify to you who had ordered that your employment be terminated?

A. Mr. Sapir did. He said that the state, I don't know, I won't, I don't know if he used county or state. I don't know exactly which term he used, had ordered that I had to leave . . .

Defs. Reply Aff., Ex. A at 25, 29. Willing's testimony clearly suggests that, as early as November of 2006, she was aware that either Suffolk County or the New York State Office of Children and Family Services had ordered Small Wonders to terminate her. However, in the Court's view, this testimony may not properly be considered on a Rule 12(b)(6) motion. See Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. 2006) (Spatt, J.) (refusing to consider testimony offered in a Section 50-h hearing in the context of a 12(b)(6) motion to dismiss); Hazan v. City of New York, No. 98 Civ. 1716, 1999 WL 493352, at *7 (S.D.N.Y. Jul. 12, 1999) (questioning the propriety of reviewing the transcript of a 50-h hearing on a Rule 12(b)(6) motion).

The more appropriate course is to convert the Defendants' motion to one for summary judgment. See Hazan, 1999 493352, at *7 (converting a 12(b)(6) motion to one for summary judgment so that the transcripts from the 50-h hearing could be considered). In doing so, the Court must afford both parties an opportunity to address Willing's testimony. See Friedl, 210 F.3d at 83 (observing that before a district court may convert a Rule 12(b)(6) motion to one for summary judgment, the parties must be given an opportunity to present supporting material). Willing is therefore directed to file any additional material in support of her position on or before July 15, 2010. The Defendants may submit a reply on or before July 22, 2010. The Court will decide

whether Willing's Section 1983 claim is time-barred after receiving the parties'
submissions.

### III.  CONCLUSION

The Court finds that Willing's defamation claim is time-barred and must be
dismissed.  The Court will convert the Defendants' Rule 12(b)(6) motion to one for
summary judgment in order to consider the transcripts from her Section 50-h hearing.

Willing is directed to file any additional material in support of her position on
or before July 15, 2010.  The Defendants may submit a reply on or before July 22,
2010.  The Court will decide whether Willing's Section 1983 claim is time-barred
after receiving the parties' submissions.

**SO ORDERED.**

Dated: Central Islip, New York
      July 8, 2010

                                     */s/ Arthur D. Spatt*
                                     Arthur D. Spatt
                             United States District Judge